United States District Court
Southern District of Texas
**ENTERED**
January 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JORGE LUIS MELENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00256 |
| | § | |
| RALPH  HANSON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jorge Luis Melendez is in the custody of the federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding *pro se*, Melendez filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on August 22, 2018.  He argues that his sentence should be vacated because he should not have been classified as a career offender under the Sentencing Guidelines.  Respondent filed a motion to dismiss on November 14, 2018, to which Melendez did not respond.  (D.E. 13). As discussed more fully below, it is recommended that Respondent's motion be granted and Melendez's cause of action for habeas relief be dismissed without prejudice for lack of jurisdiction because he has failed to establish under the savings clause of 28 U.S.C. § 2255(e) that § 2255 is inadequate or ineffective to raise his claim.

## I.      JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Melendez is incarcerated in the Southern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  *See also Padilla v. United States*, 416

F.3d 424, 426 (2005) (finding custodial court has jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via savings clause of § 2255).

## II.    BACKGROUND

Melendez[1] was charged in a superseding indictment with conspiracy to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. (D.E. 13-2 at 1).[2]  Melendez pleaded guilty pursuant to a written plea agreement.  (D.E. 13-3, 13-4, 13-5).   As part of his plea agreement, Melendez waived his right to appeal or collaterally attack his conviction, but retained his right to appeal his sentence.  (D.E. 13-3 at 10-11).

At sentencing on November 19, 2012, the district court applied a career-offender enhancement under U.S.S.G. § 4B1.1 based on Melendez's 1987 federal conviction in the Southern District of Texas for possession with intent to distribute marijuana and 2006 Iowa conviction for delivery of cocaine.  (D.E. 13-8 at 3-4; D.E. 14 at 10-11).  The court imposed a guideline sentence of 188 months' imprisonment, followed by six years of supervised release.  (D.E. 13-8 at 13).  Melendez did not file a direct appeal.

Melendez subsequently moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). *United States v. Smith, et al.*, No. 3:11-cr-00039 (S.D. Iowa 2011) at D.E. 357.  The district court denied his motion.  *Id.* at D.E. 358.  Melendez filed a motion for reconsideration,

---

[1] The indictment names "Jorge Louis Melendez," but Melendez styles his middle name as "Luis" in his current petition.

[2] Copies of the superseding indictment and most other relevant documents from Melendez's underlying criminal proceedings in Southern District of Iowa case number 3:11-cr-00039 were included with the Respondent's motion to dismiss.  When possible, this memorandum cites to the copies provided by the Respondent.

which the court also denied.  *Id.* at D.E. 376, 377.  Melendez also filed an application for leave to file a second or successive 28 U.S.C. § 2255 motion, which the Eighth Circuit denied as unnecessary because Melendez had not yet filed his initial § 2255 motion.  *Id.* at D.E. 362-1.  Thereafter, Melendez filed a § 2255 motion challenging the application of the career-offender enhancement under *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  *Melendez v. United States*, No. 4:17-cv-00019 (S.D. Iowa 2017) at D.E. 1, 1-1.  The district court dismissed the § 2255 motion without response from the government as barred by the sentence-appeal waiver in Melendez's plea agreement and, alternatively, noted that Melendez was not entitled to relief on the merits.  *Id.* at D.E. 2.  Melendez did not appeal.

Melendez filed the current habeas petition and an accompanying memorandum of law on August 22, 2018.  (D.E. 1, 2).  He contends that a § 2241 petition is the proper vehicle to attack his sentence because a § 2255 motion would be inadequate or ineffective to test the legality of his detention.  (D.E. 2).  On the merits, Melendez argues that, in light of *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis*, and *Hinkle*, his sentence should be vacated and remanded for resentencing because he no longer has two qualifying prior convictions to support the career-offender enhancement.  Specifically, he argues that his prior federal conviction for possession with intent to distribute marijuana no longer categorically qualifies as a controlled-substance offense under the Guidelines because the statute is indivisible and overbroad.  (*Id.*).

3 / 11

The Respondent has moved to dismiss Melendez's § 2241 petition, arguing that this Court lacks jurisdiction to consider the merits of Melendez's petition because it is actually an unauthorized second or successive § 2255 motion.  (D.E. 13).  The Respondent argues that Melendez has not met his burden under the § 2255(e) savings clause to demonstrate that § 2255 is inadequate or ineffective because the cases he cites are not retroactively applicable and do not support a finding that he was convicted of a nonexistent offense.  Moreover, Respondent argues that binding Fifth Circuit precedent forecloses the use of § 2241 to challenge a sentencing enhancement because such a claim cannot satisfy the petitioner's burden to show that he was convicted of a nonexistent offense.  (*Id.*).

### III.  APPLICABLE LAW

A § 2255 motion provides the primary means of collateral attack on a federal sentence.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing.  *Id.*  A § 2255 motion must be filed in the sentencing court.  *Id.*  A § 2241 motion typically is used to challenge the manner in which a sentence is executed.  *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001).  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Pack*, 218 F.3d at 452.

However, where any remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, a petitioner may invoke the savings clause of § 2255(e) to bring a § 2241 petition attacking custody resulting from a federal sentence.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  The savings clause provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Section 2241 is not a mere substitute for § 2255 and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena*, 243 F.3d at 901. In order to meet this burden, the petitioner must satisfy a two-prong test:

[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access to the savings clause.

*Id.* at 904 (italics in original) (citing *Pack*, 218 F.3d at 452). The Fifth Circuit has further held that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000)).

Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and

Effective Death Penalty Act.  *Pack*, 218 F.3d at 452-453.[3]  Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.  *Id.* at 453.

Under the Guidelines in effect at the time that Melendez was sentenced, a person was a career offender if: (1) he was at least 18 years old at the time of the instant offense; (2) the instant offense was either a crime of violence or a controlled substance offense; and (3) the defendant had at least 2 prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1 (2012).  "Controlled substance offense" was defined as an offense under federal or state law, punishable by a term of imprisonment of over one year, that prohibited the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. § 4B1.2(b) (2012).

In determining whether a prior conviction is included within an offense defined or enumerated in the Guidelines, courts generally have looked only to the elements of the prior offense and not to the actual conduct of the defendant in committing the offense, which is

---

[3] A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

known as the categorical approach. *Mathis*, 136 S. Ct. at 2248.[4]  However, if a statute is divisible, i.e., if it sets out one or more elements of the offense in the alternative, a court may use the modified categorical approach and consult a limited class of documents, such as indictments, or jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Id.* at 2249.  A prior crime qualifies as a predicate only if its elements are the same as, or more narrow than, those of a "generic" version of the offense contemplated by the Sentencing Guidelines. *Id.* at 2247-48.

In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction "has a single, indivisible set of elements." *Descamps*, 570 U.S. at 258.  *Descamps* has not been made retroactive to cases on collateral review.  *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (noting in the context of an application to file a second or successive § 2255 motion that *Descamps* did not announce that it was retroactive).

In *Mathis*, the Supreme Court addressed a different kind of alternatively phrased statute that did not list multiple elements disjunctively, but rather enumerated various factual means of committing a single element.  *Mathis*, 136 S. Ct. at 2249.  The Court explained that:

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means.  If they are elements, the

---

[4]  *Mathis* concerned an enhancement under the Armed Career Criminal Act ("ACCA").  *Mathis*, 136 S. Ct. at 2247-48.  However, the Court's holding applies equally to the career-offender enhancement in the Guidelines.  *See, e.g., United States v. Zuniga*, 860 F.3d 276, 284-286 (applying *Mathis* to a career-offender enhancement).

court should do what we have previously approved:  review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. . . .  But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.  Given ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match.

*Mathis*, 136 S.Ct. at 2256 (emphasis added).  *Mathis* has not been made retroactive to cases on collateral review.  *See, e.g., United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018) (stating in the context of a second or successive § 2255 motion that *Mathis* did not state a new rule of constitutional law that has been made retroactive on collateral review); *Jenkins v. Harmon*, 736 F. App'x 73, 73 (5th Cir. 2018) (concluding in the context of a § 2255(e) savings clause analysis that *Mathis* is not retroactively applicable).

In *Hinkle*, the Fifth Circuit concluded on direct appeal that a prior conviction for manufacturing, delivering, or possessing with intent to deliver a controlled substance under Tex. Health & Safety Code § 481.112(a) could not qualify as a controlled-substance offense for the purposes of a career-offender enhancement.  *Hinkle*, 832 F.3d at 576-77.  The court determined that the statute's listed methods of delivery, including offering to sell a controlled substance, are alternative ways of satisfying the element of "delivery," rather than alternative elements of separate crimes.  *Id.* at 575-576 (citing *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003)).  Because "offering to sell" is not part of the definition of "controlled substance offense" in the Guidelines, the Fifth Circuit concluded that the state statute "'criminalized a greater swath of conduct than the elements of the relevant [Guidelines] offense.'"  *Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251).

IV.   DISCUSSION

Here, this Court lacks jurisdiction to consider the merits of Melendez's § 2241 petition because he has failed to meet his burden under the § 2255(e) savings clause to show that § 2255 is inadequate or ineffective.   For various reasons, Melendez has failed to meet the first prong of the *Reyes-Requena* test.   *Reyes-Requena*, 243 F.3d at 904.   First, Melendez merely raises a claim that the career-offender enhancement was improperly applied.   (*See* D.E. 1, 2).   The Fifth Circuit has squarely held that such a challenge is insufficient to warrant review under § 2241 because, under the first prong of the *Reyes-Requena* test, a claim of actual innocence of a career-offender enhancement does not establish that a defendant was convicted of a nonexistent offense.   *Bradford*, 660 F.3d at 230.

Second, even if Melendez's sentencing claim could be sufficient to establish that he was convicted of a nonexistent offense, the claim nonetheless fails to meet the first prong of the *Reyes-Requena* test.   Although *Descamps* and *Mathis* are Supreme Court cases, neither is retroactively applicable on collateral review.   *See Jackson*, 776 F.3d at 296; *Wiese*, 896 F.3d at 725.   Further, *Hinkle* is a Fifth Circuit case and cannot provide a basis for Melendez to use the savings clause.   *See Reyes-Requena*, 243 F.3d at 904.   Regardless, *Hinkle* discusses whether the Texas statute for possession with intent to distribute qualifies as a controlled substance offense, but Melendez's 1987 conviction for possession with intent to distribute marijuana was in federal court and is unrelated to the statute discussed in *Hinkle*. (*See* D.E. 14); *Hinkle*, 832 F.3d at 575-77.

Finally, although Melendez attempts to rely on precedent from other circuits regarding whether a petitioner can bring a § 2241 cause of action to challenge a sentence

enhancement, primarily *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), those cases are of no avail where binding Fifth Circuit precedent squarely holds that a claim of actual innocence of a career-offender enhancement is insufficient to invoke § 2241.  *See Bradford*, 660 F.3d at 230.  Accordingly, because Melendez has failed to establish the first prong of the *Reyes-Requena* test, he has failed to meet his burden under the § 2255(e) savings clause to show that § 2255 is inadequate or ineffective, and this Court lacks jurisdiction to consider his § 2241 petition.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 13) be GRANTED.  Melendez's habeas corpus cause of action brought pursuant to 28 U.S.C. § 2241 should be DISMISSED without prejudice because this Court lacks jurisdiction to hear it.  If Melendez wishes to proceed, he may return to the Eighth Circuit and seek permission to file a successive § 2255 motion.

Respectfully submitted this 11th day of January, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).